

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# Warren v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Warren v. USA" (2008). *2008 Decisions.* Paper 1099.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1099

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4012

———————

MORRIS J. WARREN,
                                    Appellant

v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-0170)
District Judge:  Honorable Edwin M. Kosik

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2008

Before: SLOVITER, BARRY and GREENBERG, <u>Circuit</u> <u>Judges</u>

(filed: May 30, 2008)
———————

OPINION
———————

PER CURIAM

        Morris Warren appeals the District Court's <u>sua</u> <u>sponte</u> dismissal of his

complaint for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and as

a sanction under Fed. R. Civ. Pro. 41(b).   For the reasons that follow, we will affirm.

Warren is confined in federal prison in Lewisburg, Pennsylvania. Proceeding pro se and in forma pauperis (IFP), Warren filed a complaint alleging that he was suffering from "excruciating" arthritic pain. He further claimed that prison officials were meddling with his prison financial account by keeping a high enough balance on his account so as to deprive him of his "indigent" status, consequently disqualifying him for free treatment and denying him access to medication.

The Magistrate Judge construed the action as arising under Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Because Warren's complaint named only the "United States of America" and the "Federal Bureau of Prisons" as the defendants, he was ordered to file an amended complaint naming proper defendants and alleging their personal involvement. The Magistrate Judge warned that he would recommend dismissing the action if he failed to comply. Nevertheless, Warren failed to curatively amend his complaint.[1]

Thereafter, the Magistrate Judge issued a Report and Recommendation advising that Warren's complaint be dismissed for failure to state a claim under 28 U.S.C.

---

[1] Instead, Warren erroneously filed a notice of appeal from that order, emphasizing the gravity of his medical condition, but failing to address the Magistrate Judge's order to identify specific parties. He subsequently filed a motion for the appointment of counsel in the District Court, asserting that he could not afford an attorney, and that his arthritis had been making it difficult for him to type. Furthermore, he claimed that the Magistrate Judge's order imposed "conditions that [he] can-not [sic] meet," obviously misunderstanding the Judge's order to specify individual defendants.

§§ 1915A and 1915(e)(2)(B) and pursuant to Fed. R. Civ. Pro. 41(b) as a sanction[2] for failing to comply with the court order, and the District Court adopted that recommendation in its entirety.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of an action for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Bivens created a cause of action for damages and injunctive relief against federal officials for violating an individual's federal constitutional rights. See 403 U.S. at 388. However, Bivens only authorizes suit against federal officials in their individual capacities, not the United States and federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 473 (1984). Accordingly, Warren's failure to name specific federal prison officials as defendants and to allege their personal involvement constituted a fatal defect in his Bivens action. The District Court gave him a chance to amend his complaint and explicitly instructed him to name the persons alleged to have committed these constitutional violations or face dismissal of his complaint. But Warren ignored these instructions, leaving the "United States" and the "Federal Bureau of Prisons" as the only named defendants in this action. Because these defendants are not proper defendants

---

[2] Because we affirm the District Court's dismissal of the action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), we need not reach whether the court abused its discretion in dismissing the action under Fed. R. Civ. P. 41(b).

3

under <u>Bivens</u>, we will affirm the District Court's dismissal of Warren's complaint for failure to state a claim.